ALD-391                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2671
_____

GEORGE WILLIE BUFORD,
Appellant

v.

HARRELL WATTS; THE NORTHEAST REGIONAL COUNSEL; USP LEWISBURG
WARDEN; USP LEWISBURG SAFETY; USP LEWISBURG CLINICAL DIRECTOR;
USP LEWISBURG HEALTH SERVICES ADMINISTRATOR; ADAMI, USP
LEWISBURG B-UNIT MANAGER; MID ANDREW EDINGER; ZIMMERMAN;
COTTER, USP LEWISBURG B-UNIT CASE MANAGER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-14-cv-01573)
District Judge: Honorable Edwin M. Kosik
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 25, 2016

Before:  AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed: August 29, 2016)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant George Buford appeals from an order of the District Court awarding summary judgment in his mandamus action. As the appeal does not present a substantial question, we will summarily affirm the order of the District Court.

I.

Buford, an inmate confined at the United States Penitentiary at Lewisburg, filed this action under 28 U.S.C. § 1361, seeking to compel various officials at that institution to provide him with specific hypertension treatment, new prison accommodations, special orthopedic footwear, and to evacuate housing units that he claims are experiencing a "wild bird infestation." Buford alleges that, on approximately twenty separate instances between March 30, 2014 and July 30, 2014, he submitted written requests to prison officials for various relief related to his medical care or housing, but that in all instances his requests were ignored. Buford attaches to his complaint several written requests dated from this time period that he allegedly delivered to various officials at Lewisburg. But these requests are drafted on the same stationary as the complaint – and appear to be merely a continuation of it – and Buford provides no evidence that he actually delivered these requests to prison authorities.

Defendants submitted a statement of material facts in connection with their motion for summary judgment, in which they indicate that a search of Buford's administrative remedy records was performed on November 18, 2014, and that the search revealed only one administrative remedy filed by Buford at Lewisburg – an appeal of his placement in

the Special management Unit filed on April 7, 2014.[1]  Defendants' statement further

indicates that a "Unit Team maintains a log book of when administrative remedy forms

are requested by and subsequently given to an inmate," and that these records do not

contain any requests by Buford for administrative remedy forms, and that no unit

members recall Buford making such requests.  Buford submitted an affidavit in response,

in which he alleges that Defendants spoiled the evidence of administrative remedies, and

contends that "none of [Defendants'] exhibits show that Affiant failed to turn in . . . the

requests submitted to the Court."  He concludes that "[t]his Court must [] take as true"

that he submitted them.

On May 13, 2016, the District Court granted Defendants' Motion for Summary

Judgment, finding that "the mandatory relief of mandamus is ill-suited as a vehicle for

compelling specific housing, and healthcare arrangements for federal inmates."  The

Court also denied Buford's request for a preliminary injunction.  This timely appeal

ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over

the District Court's award of summary judgment, applying the same test the District

Court should have utilized – whether the record "shows that there is no genuine issue as

to any material fact and that the moving party is entitled to judgment as a matter of law."

Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009).  We "review the denial of a

---

[1] This remedy was rejected on April 28, 2014 because Buford did not support it with required documentation.  He was directed to re-submit his appeal within fifteen days of its rejection, which he failed to do.

3

preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof." Kos Pharm., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). And we may summarily affirm any decision of the District Court where "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6 (2015).

Mandamus is an extraordinary remedy that "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616 (1984). In addition, "the petitioner bears the burden of showing that [the] right to issuance of the writ is clear and indisputable." United States v. Santtini, 963 F.2d 585, 594 (3d Cir. 1992) (internal quotations omitted).

The District Court awarded summary judgment and reasoned that "questions regarding how best to house and medically treat inmates are inherently discretionary in nature." Buford argues that he does "not seek special housing or to be medically treated in any way." Rather, he seeks "access to the Administrative Grievance Procedure . . . or, in the alternative, that [he] be allowed to proceed upon his claims of constitutional deprivation . . . as if he had been allowed to fully exhaust such claims."

We need not decide whether that claim sounds in mandamus because to survive summary judgment, Buford must submit some credible evidence to establish that his right to the writ is clear and indisputable, in other words, that he was actually denied access to grievance procedures. This he has not done. He has offered no credible evidence that he actually submitted any of his requests, or that officials obstructed him from doing so. He

4

has offered instead only unsubstantiated allegations of submission – a mere "scintilla of evidence" – insufficient to overcome a motion for summary judgment.[2]  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).   And because Buford cannot demonstrate a likelihood of success on the merits of his petition, the District Court did not abuse its discretion in denying his request for a preliminary injunction.  We will summarily affirm the order of the District Court.

---

[2] Buford contends that because "none of [Defendants'] exhibits show that Affiant failed to turn in" the requests, we "must [] take as true" that he submitted them.  He is incorrect. Because Buford bears the burden of persuasion at trial, Defendants "may meet [their] burden on summary judgment by showing that [his] evidence is insufficient to carry that burden."  Kaucher v. Cty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).  And where, as here, the "evidence" submitted by Buford "is not significantly probative . . . summary judgment may be granted."  Liberty Lobby, 477 U.S. at 250.